1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10
11
12  WILLIAM PIERCE PLUMMER,          )    1:06-CV-0017 AWI LJO HC
                                     )
13              Petitioner,          )    FINDINGS AND RECOMMENDATION
                                     )    REGARDING PETITION FOR WRIT OF
14        v.                         )    HABEAS CORPUS
                                     )
15                                   )    [Doc. #1]
    W. L. SULLIVAN, Warden,          )
16                                   )
                Respondent.          )
17  _____)

18
19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28

21  U.S.C. § 636(b)(1) and Local Rule 72-302.

22        On January 6, 2006, Petitioner filed a petition for writ of habeas corpus in this Court.

23  Petitioner raises three discernable grounds for relief: 1) Petitioner claims prison authorities have

24  wrongfully imposed a Secured Housing Unit ("SHU") term which resulted in Petitioner being unable

25  to earn credit against his sentence; 2) Petitioner claims the Department of Corrections has wrongfully

26  taken $89.52 from his trust account; and 3) Petitioner challenges his underlying conviction, claiming

27  there was insufficient evidence of "great bodily injury."

    ///
28

Dockets.Justia.com

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Civil Rights Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In his second ground for relief, Petitioner claims prison staff have taken $89.52 from his trust account without his authorization. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief with respect to this claim and it must be dismissed.  Should Petitioner wish to pursue this claim, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

C.  Venue

The federal venue statute requires that a civil action, other than one based on diversity

1    jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

2    reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

3    giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

4    is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

5    which the action may otherwise be brought." 28 U.S.C. § 1391(b).

6        In Ground Three of the petition, Petitioner challenges a 1999 conviction out of Los Angeles

7    County which is in the Central District of California.  Therefore, the claim should have been raised

8    in a petition filed in the United States District Court for the Central District of California.  In the

9    interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.

10   See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). However, the

11   Court notes that Petitioner has had two habeas petitions transferred to the Central District already.

12   See Case Nos. 02-2087 FCD JFM P, 04-2489 WBS DAD HC. To the extent that Petitioner wishes to

13   further challenge his underlying conviction, he should seek relief through his petitions before the

14   Central District, or file a new petition in the Central District. The Court will not transfer the petition

15   to the Central District because the majority of the petition centers on Petitioner's challenge to his

16   SHU term, which is properly before this Court.

17   D.  Exhaustion

18       A petitioner who is in state custody and wishes to bring a petition for writ of habeas corpus

19   must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on

20   comity to the state court and gives the state court the initial opportunity to correct the state's alleged

21   constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455

22   U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

23       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

24   full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

25   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

26   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

27   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

28   claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

1    U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

2        Additionally, the petitioner must have specifically told the state court that he was raising a

3    federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

4    (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999);

5    <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court

6    reiterated the rule as follows:

7        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
8    of state remedies requires that petitioners "fairly presen[t]" federal claims to the
     state courts in order to give the State the "'opportunity to pass upon and correct
     alleged violations of the prisoners' federal rights" (some internal quotation marks
9    omitted). If state courts are to be given the opportunity to correct alleged violations
     of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
10   are asserting claims under the United States Constitution. If a habeas petitioner
     wishes to claim that an evidentiary ruling at a state court trial denied him the due
11   process of law guaranteed by the Fourteenth Amendment, he must say so, not only
     in federal court, but in state court.

12   <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

13
         Our rule is that a state prisoner has not "fairly presented" (and thus
14   exhausted) his federal claims in state court *unless he specifically indicated to
     that court that those claims were based on federal law*. <u>See</u> <u>Shumway v. Payne</u>,
15   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
     <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the
16   claim explicit either by citing federal law or the decisions of federal courts, even
     if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889
17   (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the
     underlying claim would be decided under state law on the same considerations
18   that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,
     195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
19   (9th Cir. 1996); . . . .
         In <u>Johnson</u>, we explained that the petitioner must alert the state court to
20   the fact that the relevant claim is a federal one without regard to how similar the
     state and federal standards for reviewing the claim may be or how obvious the
21   violation of federal law is.

22   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

23       In ground one of the instant petition, Petitioner claims he has been wrongfully placed in the

24   SHU for an additional term, and this placement prevents him from earning credit against his

25   sentence. He claims he is entitled to 360 days of credit. Petitioner readily concedes the claim is

26   unexhausted; he states he has only presented the claim to the Kern County Superior Court. Since

27   Petitioner has not presented his challenge to the California Supreme Court, it remains unexhausted.

28       Because the only viable claim in this petition is unexhausted, the petition must be dismissed .

1    without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so.  See Rose,

2    455 U.S. at 521-22; Gordon, 107 F.3d at 760.

3                                          **RECOMMENDATION**

4           Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

5    corpus be DISMISSED without prejudice.

6           This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

7    States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

8    72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

9    California.

10          Within thirty (30) days after being served with a copy, any party may file written objections

11   with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

12   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

13   filed within ten (10) court days (plus three days if served by mail) after service of the objections.

14   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   IT IS SO ORDERED.

18   **Dated:     January 17, 2006            /s/ Lawrence J. O'Neill**
     b9ed48                              UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28